**Affirmed and Memorandum Opinion filed April 24, 2025**



**In The**

# Fifteenth Court of Appeals

### NO. 15-25-00007-CV

**SONAM SHARMA, Appellant**

**V.**

**TEXAS TECH UNIVERSITY HEALTH SCIENCES CENTER EL PASO,**
**Appellee**

**On Appeal from the 120th District Court**
**El Paso County, Texas**
**Trial Court Cause No. 2023-DCV-3227**

### MEMORANDUM OPINION

In January of 2024, Texas Tech University Health Sciences Center-El Paso ("the University") dismissed Sonam Sharma from its physician residency program for "unprofessionalism."[1] After her internal appeal was denied, she sued the

---

[1] The record does not reveal what those concerns were. According to Sharma, the original reason for dismissal was "fraudulently creating and completing a self-evaluation" but the University abandoned that justification before an internal review committee and "instead focused

University for breach of contract, promissory estoppel, defamation, and discrimination and retaliation "in violation of federal statute Title VII." The University filed a combined plea to the jurisdiction and a Rule 91a motion to dismiss based on sovereign immunity, which the trial court granted.

"Because [the University] is a state university, sovereign immunity bars any suit against it unless the Legislature has expressly waived that immunity."[2] Sharma thus had the burden to "plead facts that, if true, establish a viable claim that is not barred by immunity."[3] At the oral hearing on the University's motion, Sharma's counsel conceded there was no waiver of immunity on her claims for defamation, promissory estoppel, and violation of § 161.134 of the Health and Safety Code. He continued to press Sharma's breach of contract claim at that hearing, but does not press it in this Court; the only statutory waiver pleaded anywhere in the record for that claim applies only to written contracts "for engineering, architectural, or construction services,"[4] which are not at issue here.

That leaves only Sharma's Title VII claims in dispute in this appeal. A properly pleaded claim under Title VII of the Civil Rights Act waives immunity.[5] As a prerequisite to filing a Title VII suit in federal court, a claimant must file an administrative complaint with the Equal Employment Opportunity Commission and then file suit within 90 days after receipt of a right-to-sue letter from the EEOC.[6] A

---

on minor past, remediated concerns of unprofessionalism."

[2]     *Tex. Tech Univ. Health Sciences Ctr.-El Paso v. Flores*, 612 S.W.3d 299, 305 (Tex. 2020).

[3]     *See Perez v. Turner*, 653 S.W.3d 191, 198 (Tex. 2022).

[4]     *See* TEX. CIV. PRAC. & REM. CODE § 114.002–.003.

[5]     *See Nevada Dep't of Hum. Res. v. Hibbs*, 538 U.S. 721, 729 (2003); *Fitzpatrick v. Bitzer*, 427 U.S. 445, 457 (1976).

[6]     42 U.S.C. § 2000e-5(e)(1), (f)(1). A claimant may also file an administrative claim with a state or local agency, *see* § 2000e-5(e)(1), but Sharma does not allege she did so here.

2

litigant's failure to plead compliance with Title VII's prerequisites to suit is mandatory but not jurisdictional in a federal court.[7] But as we recently held in *Texas A&M University v. Reeves*, it is a jurisdictional defect in a state court suit against a state agency.[8] That is because state procedural law applies to Title VII suits in state court,[9] and in Texas, "statutory pre-requisites to sue are procedural in nature,"[10] and are "jurisdictional requirements in all suits against a governmental entity."[11] As we concluded in *Reeves*, the failure to allege "the filing of a timely charge [with EEOC] or the receipt of a right to sue letter [from EEOC] deprived the trial court of jurisdiction" of a Title VII claim.[12]

The University's motion here sought dismissal because Sharma "fails to allege that she filed an EEOC charge and received a Right to Sue letter." Her original petition and the amended petition she filed the day before the dismissal hearing mention neither. In response to the University's Rule 91a motion, she attached an unauthenticated document that purported to be a form complaint hand-delivered to the EEOC, but we cannot consider it since under Rule 91a courts "may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action," TEX. R. CIV. P. 91a.6. Even if we could consider it, it would be insufficient because it expressly denies receipt of a right-to-sue letter, a jurisdictional condition precedent to filing a Title VII claim in state court against a

---

[7]     *See Fort Bend County v. Davis*, 587 U.S. 541, 551 (2019) ("Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription").

[8]     2025 WL 351638, at *4 (Tex. App. (15 Dist.), Jan. 30, 2025, no pet.).

[9]     *See BNSF Ry. Co. v. Phillips*, 485 S.W.3d 908, 910 (Tex. 2015) (per curiam).

[10]     *Reeves*, 2025 WL 351638, at *4.

[11]     TEX. GOV'T CODE § 311.034.

[12]     *Reeves*, 2025 WL 351638, at *5.

state entity.[13]

Because Sharma had notice of this pleading defect for several months before the hearing on the motion to dismiss, and actually amended her complaint (though insufficiently) immediately before the hearing, we hold the trial court did not err in dismissing her claims with prejudice.[14] We affirm the trial court's judgment.

/s/ Scott Brister

Scott Brister
Chief Justice

Before Chief Justice Brister and Justices Field and Farris.

---

[13]  *See id.*; *cf. Pinkard v. Pullman-Std.*, 678 F.2d 1211, 1215 (5th Cir. 1982) ("We hold that receipt of a right-to-sue letter is a condition precedent to a Title VII claim rather than a jurisdictional prerequisite.").

[14]  *See Fraley v. Texas A&M Univ. Sys.*, 664 S.W.3d 91, 101 (Tex. 2023) ("Once the defendant's jurisdictional plea gives notice of the jurisdictional defect, however, and the plaintiff responds with an amended pleading that still does not allege facts that would constitute a waiver of immunity, then the trial court should order the case dismissed with prejudice." (internal quotation marks omitted)).